# CIRCUIT COURT, PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION
## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

**I. CASE STYLE**

Plaintiff _Richard C. Willson Jr_   Case #: _10015409CI_

_Maria S. Willson_   Judge: _015_

vs.

Defendant _Blue Cross/Blue Shield_
_Blue Cross/Blue Shield Association_

KEN BURKE CLERK OF CIRCUIT COURT

10 OCT 15 PM 4: 17 FILED

**II. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence—other
  - [ ] Business governance
  - [ ] Business torts
  - [ ] Environmental/Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability—commercial
  - [ ] Premises liability—residential
- [ ] Products liability
- [ ] Real property/Mortgage foreclosure
  - [ ] Commercial foreclosure $0 - $50,000
  - [ ] Commercial foreclosure $50,001 - $249,999
  - [ ] Commercial foreclosure $250,000 or more
  - [ ] Homestead residential foreclosure $0 - $50,000
  - [ ] Homestead residential foreclosure $50,001 - $249,999
  - [ ] Homestead residential foreclosure $250,000 or more
  - [ ] Non-homestead residential foreclosure $0 - $50,000
  - [ ] Non-homestead residential foreclosure $50,001 - $249,999
  - [ ] Non-homestead residential foreclosure $250,000 or more
  - [ ] Other real property actions $0 - $50,000
  - [ ] Other real property actions $50,001 - $249,999

- [ ] Other real property actions $250,000 or more
- [ ] Professional malpractice
  - [ ] Malpractice—business
  - [ ] Malpractice—medical
  - [ ] Malpractice—other professional
- [x] Other
  - [ ] Antitrust/Trade regulation
  - [ ] Business transactions
  - [ ] Constitutional challenge—statute or ordinance
  - [ ] Constitutional challenge—proposed amendment
  - [ ] Corporate trusts
  - [ ] Discrimination—employment or other
  - [x] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel/Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [ ] Trade secrets
  - [ ] Trust litigation

(Form 1.997 Civil Rules of Procedure 1/2010)

**III. REMEDIES SOUGHT** (check all that apply):

☒ monetary;
☒ nonmonetary declaratory or injunctive relief;
☒ · punitive

**IV. NUMBER OF CAUSES OF ACTION:** [      ]
(specify) _____

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**

☒ yes
☐ no

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ no
☐ yes   If "yes," list all related cases by name, case number, and court.

_____
_____
_____

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____     Fla. Bar # _____
                                                                              (Bar # if attorney)

Richard C. Willson Jr                                       15 Oct 2010
(type or print name)                                           Date

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

Richard C. Willson, Jr. and

Maria S. Willson

aka Maria D. Willson

Plaintiffs,

*Case # 10015409CI -015*

-against-

**COMPLAINT**

PLAINTIFFS DEMAND A JURY TRIAL

10 OCT 15 PM 4:
KEN BURKE
CLERK OF CIRCUIT COU
FILED

Blue Cross/Blue Shield

Blue Cross/Blue Shield Association

Defendants

1. At all times hereinafter mentioned, plaintiffs were and are still residents of Pinellas County, Florida and were and are insured by Defendants' policy Group 003320650;  Identification Number ASHAN0093355; Plan Codes 834/332, and all premiums have been timely paid.

2. Defendant Blue Cross/Blue Shield, is a corporation incorporated under the laws of Florida and having a main office at 4350 W. Cypress Street, Suite 400, Tampa, FL 33607, Telephone 1-800-555-8228, and is licensed to do business in Florida and Blue Cross/Blue Shield Association having an office at Blue Cross and Blue Shield of Florida; P.O. Box 1798, Jacksonville, FL 32231-0014, is an association of insurers. Discovery may possibly reveal other affiliated organizations to be named as additional Defendants.

3. The jurisdiction of this court is invoked pursuant to Florida Revised Statutes section 627, particularly sections 401-627, 551-575, 651-6699

4. In 1998, Plaintiff Maria S. Willson was hospitalized for heart insufficiencies and diagnosed with mitral valve prolapse, and has been treated and examined for that condition periodically since then, culminating in open-heart surgery in November 2008 which repaired the valve and closed a hole between ventricals.

5. In July 2006, Plaintiff Maria S. Willson was diagnosed with a tumor in her left breast and was operated on to remove it on August 18, 2006 and later to remove further malignant breast tissue on September 5, 2006. Defendants denied coverage for the August 18 surgery. Intensity Modulated Radiotherapy was prescribed to prevent recurrence of the malignancy, particularly in view of her heart insufficiency. A purpose of IMRT is to focus radiation onto the point of the removed malignancy while minimizing radiation to the heart and other areas.

6. On 17 October 2006, Plaintiff Maria S. Willson began consultation and was later treated by IMRT under the care of John H. West M.D. at Tampa Bay Oncology Center, 1835 Indian Rocks Road, Largo FL 33774, in Pinellas County. Treatment and consultation continued until 17 September 2007, as set forth in the enclosed medical billing, Plaintiffs' Exhibit A.

7. Medicare paid its portion of the cost of this IMRT [listed under "Insurance Payment" in Plaintiffs' Exhibit A], but Defendant refused coverage, stating IMRT was "investigational" and Defendant then denied a later appeal (See Plaintiffs' Exhibit B). Defendant's physicians never examined the patient, Plaintiff Maria S. Willson.

Willson V. Blue Cross/Blue Shield - Complaint

8. Plaintiffs' request for declaratory relief in this action deals with a present, ascertained, or ascertainable, state of facts or present controversy as to a state of facts.

9. Defendant's denial of coverage as stated herein constitutes an actual, present, adverse, and antagonistic interest in the subject matter of the present controversy and is before the Court by proper process, and the declaratory relief sought by Plaintiff is not merely the giving of legal advice by the Court or the answer to questions propounded by curiosity.

10.     All conditions precedent to the maintenance of this action have been satisfied.

5. WHEREFORE, plaintiffs demand:

A. A Declaratory Judgment to the effect that Defendant's denial of coverage constitutes bad faith under Florida Statutes 624.155 and also breach of contract, (see e.g. *Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co.*, No. 08-60254, 2008 U.S. Dist. LEXIS 66496 (S.D. Fla. Aug. 20, 2008), "a claim for breach of the implied covenant of good faith and fair dealing arises from contractual duties, while an action for statutory bad faith (pursuant to Florida Statutes § 624.155) arises from extra-contractual duties." In essence, Defendant breached the common law obligation of good faith and fair dealing when it made the choice to proceed in a way that is counter to the best interests of the insured by failing to promptly adjust and pay monies owed. Such action violated the inherent obligation of good faith and fair dealing and breached the insurance contract by thwarting the intentions of the parties.)

B. Money damages in the amount of $30,000 plus Defendants' out-of-pocket costs for transportation, secretarial, copying and other allowable expenses.

C. Punitive damages as the Court or the jury shall determine appropriate based on Defendants' willful denial of its contractual duties and Defendants' willful breach of Florida Statutes 624.155.

D. A Permanent Injunction forbidding the Defendants from performing certain acts in the future:

D-1. Denying coverage for Intensity Modulated Radiotherapy Treatment (IMRT) after breast cancer surgery based on review of literature by physicians who have not even examined the insured patient.

D-2. Any other arbitrary and capricious denial of coverage to a patient who has suffered through diagnosis and surgery for breast cancer.

E. Certification of Class Action Status so that Defendants must reveal and remedy past denials of coverage for IMRT for other insured patients.

F. Any further relief which the Court may deem appropriate.

Richard C. Willson, Jr.
3205 Harvest Moon Dr.,
Palm Harbor FL 34683;
Telephone 727 781 0089; Fax 727 785 8435
DATE:___ October 2010

Maria S. Willson, Plaintiffs  pro se

Enclosures: Plaintiffs' Exhibit A
            Plaintiffs' Exhibit B
            Certificate of Service

I certify that a copy of this document was mailed/hand delivered to the other party or parties on (date) _____

Willson V. Blue Cross/Blue Shield - Complaint                    Page 4 of 6

## Certificate of Service

I certify that a copy of the foregoing was mailed postpaid to Plaintiffs at:

Blue Cross/Blue Shield,
4350 W. Cypress Street, Suite 400,
Tampa, FL 33607

And at:
Florida and Blue Cross/Blue Shield Association
Blue Cross and Blue Shield of Florida;
P.O. Box 1798,
Jacksonville, FL 32231-0014

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

Richard C. Willson, Jr. and

Maria S. Willson

aka Maria D. Willson           CASE#10015409CI-15 filed Oct 15, 2010

Plaintiffs,


-against-                    **PLAINTIFFS' MOTION TO AMEND COMPLAINT**


Blue Cross/Blue Shield

Blue Cross/Blue Shield Association, et al.

Defendants

                              ********

Plaintiff now comes under Fla. R. Civ. Pro. 1.190 and moves to amend the complaint by adding the names of additional Blue Cross/Blue Shield affiliates as Defendants by:

A. Adding "et al" at the end of the Defendants listed in the caption

B. Adding at the end of the first sentence in Paragraph 2 on the first page --Anthem Blue Cross and Blue Shield, 220 Virginia Ave, Lexington, KY 40508, phone (859) 226-5300 and Blue Cross/Blue Shield Association Headquarters, 225 North Michigan Ave., Chicago Illinois 60601.--


"Fla. R. Civ. P. 1.190. Amended and Supplemental Pleadings

(a) Amendments. --A party may amend a pleading once as a matter of course at any time before responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within twenty days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of

the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders." [Emphasis Added.]

This is Plaintiff's first amendment and the Complaint was served within less than 20 days and no responsive pleading has been served and the action is not yet placed on the trial calendar. No further amendments are to be made at this time. Therefore, amendment as a matter of course is respectfully urged to be proper. However, a proposed Order is attached for issue by the Court.

All of these entities share a common use of "Blue Cross/Blue Shield" or variants thereof and their interrelationships and even addresses are not readily evident. Plaintiffs' interrogatories will assist in clarifying Defendants' relationships to each other and to Plaintiff. There are evidently 39 Blue Cross/Blue Shield entities and others may have to be added as discovery progresses.

A copy of the first page of the complaint showing all the amendments in boldface is attached.

Respectfully,

_[signature]_ Willson, Plaintiff pro se 20Oct'10

## CERTIFICATE OF SERVICE

CIVIL CASE#10015409CI-15 filed Oct 15, 2010

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs'

Motion to Amend Complaint has been furnished by mailing to the following parties this 20th day
of October, 2010:

Blue Cross/Blue Shield,

4350 W. Cypress Street, Suite 400,

Tampa, FL 33607, Telephone 1-800-555-8228


Blue Cross/Blue Shield Association

Blue Cross and Blue Shield of Florida;

P.O. Box 1798, Jacksonville, FL 32231-0014


**Anthem Blue Cross and Blue Shield,**

**220 Virginia Ave, Lexington, KY 40508, phone (859) 226-5300**


**Blue Cross/Blue Shield Association Headquarters,**

**225 North Michigan Ave., Chicago Illinois 60601.**

_____ Plaintiff pro se

Willson s v. BCBS - Motion to amend Complaint                    Page 3 of 5

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

Richard C. Willson, Jr. and

Maria S. Willson

aka Maria D. Willson          CASE#10015409CI-15 filed Oct 15, 2010

Plaintiffs,


-against-                    **C O M P L A I N T**

PLAINTIFFS DEMAND A JURY TRIAL

Blue Cross/Blue Shield

Blue Cross/Blue Shield Association, et al

Defendants



1. At all times hereinafter mentioned, plaintiffs were and are still residents of Pinellas County, Florida and were and are insured by Defendants' policy Group 003320650;  Identification Number ASHAN0093355; Plan Codes 834/332, and all premiums have been timely paid.

2. Defendants: Blue Cross/Blue Shield, is a corporation incorporated under the laws of Florida and having a main office at 4350 W. Cypress Street, Suite 400, Tampa, FL 33607, Telephone 1-800-555-8228, and is licensed to do business in Florida and Blue Cross/Blue Shield Association having an office at Blue Cross and Blue Shield of Florida; P.O. Box 1798, Jacksonville, FL 32231-0014, is an association of insurers, **Anthem Blue Cross and Blue Shield, 220 Virginia Ave, Lexington, KY 40508, phone (859) 226-5300 and Blue Cross/Blue Shield Association Headquarters, 225 North Michigan Ave., Chicago Illinois 60601.** Discovery may possibly reveal other affiliated organizations to be named as additional Defendants.

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

Richard C. Willson, Jr. and

Maria S. Willson

aka Maria D. Willson              CASE#10015409CI-15 filed Oct 15, 2010

Plaintiffs,

-against-                         **ORDER OF THE COURT**

Blue Cross/Blue Shield

Blue Cross/Blue Shield Association, et al

Defendants

Plaintiff now comes under Fla. R. Civ. Pro. 1.190 and moves to amend the complaint by adding the names of additional Blue Cross/Blue Shield affiliates as Defendants by:

A. Adding "et al" at the end of the Defendants listed in the caption

B. Adding at the end of the first sentence in Paragraph 2 on the first page:

—Anthem Blue Cross and Blue Shield, 220 Virginia Ave, Lexington, KY 40508, phone (859) 226-5300 and Blue Cross/Blue Shield Association Headquarters, 225 North Michigan Ave., Chicago Illinois 60601.--

This Amendment is accepted [as a matter of course] by the Court and is

**SO ORDERED.**

By:_____         Date: 10/25/10
For the Court

*CC: Richard C. Willson Jr, 3205 Harvest Moon Ste 200, Palm Harbor FL 34683*

Willson s v. BCBS - Motion to amend Complaint          Page 5 of 5

CLERK __JEG____

# CIVIL COURT RECORDS DEPARTMENT

**CASE NUMBER :** __10015409CI__

**RICHARD WILLSON**

_____
                    PETITIONER / PLAINTIFF

**VS**

**BLUE CROSS BLUE SHEILD** _et al_
_____
                    RESPONDENT / DEFENDANT

**SUMMONS TYPE:** ☐ INDIVIDUAL ☐ BUSINESS ☐ ALIAS ☐ PLURIES

☒ AMENDED ☐ 3RD PARTY ☐ SUPPLEMENTAL ☐ OTHER

**$10.00 SUMMONS ISSUANCE FEE PAID:** ☒ **# SUMMONS** 2 ~~$10.00~~ 20.00

**Reopen Fee $**  **Cross Claim $**  **Counter Claim $**  **3rd Party $**

**Notice of Lis Pendens $**  **Additional Party Fee $**

**Chg Acct.**  **Authorized by**  **Clerk**

**ISSUE SUMMONS FOR :**  __ANTHEM BLUE CROSS AND BLUE SHEILD__

_Blue Cross Blue Sheild etc._
_____
_____
_____
_____

**DELIVERY INFO:** ☐ PROCESS SERVER ☐ ATTORNEY ☒ OTHER

                                                    __PLAINTIFF__

☐ SHERIFF  –  COUNTY

** ** **CHECK ONE** ** **

To be completed by Clerk issuing summons:

☒ PROCESS COMPLETED ☒ PLEASE ISSUE

PROCESS COMPLETED BY: _R.Sh-f_

DATE COMPLETED : _12-2-10_

Revised 5/22/2009  LE

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR
## PINELLAS COUNTY, FLORIDA

Richard C. Willson, Jr. and

Maria S. Willson

aka Maria D. Willson                    CIVIL CASE#10015409CI-15

Plaintiffs,

-against                        **S U M M O N S**

*FL Rules Civil Pro.1.902; FS 624.422*

Blue Cross/Blue Shield

Blue Cross/Blue Shield Association,  et al.

Defendants

********

THE STATE OF FLORIDA:

To the Sheriffs of the State of Florida and to authorized process servers:

YOU ARE COMMANDED to serve this summons and a copy of the

enclosed complaint or petition with exhibits and Plaintiffs' first

interrogatories in this action on defendants:

**Anthem Blue Cross and Blue Shield,**
**220 Virginia Ave, Indianapolis IN 46204, phone (859) 226-5300**
[Corrected mailing address]

AMENDED

Each defendant is required to serve written defenses to the complaint or petition on

Plaintiffs, whose address is:

**Maria S. Willson and Richard C. Willson Jr, 3205 Harvest Moon Ste 200,**

**Palm Harbor FL 34683-2127; phone 727 781 0089;** *rwillso@verizon.net*

within 20 days after service of this summons on that defendant, exclusive of the day of

service, and to file the original of the defenses with the clerk of this court either before

service on plaintiffs or immediately thereafter.


If a defendant fails to do so, a default will be entered against that defendant for the relief

demanded in the complaint or petition.

DATED on ......DEC - 3 2010....

KEN BURKE CPA

As Clerk of the Court

KEN BURKE
CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

/s/ WILLIAM H. SHARP

By_____

As Deputy Clerk

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

Richard C. Willson, Jr. and

Maria S. Willson

aka Maria D. Willson            CASE#10015409CI-15 filed Oct 15, 2010

Plaintiffs,


-against-                    **PLAINTIFFS' FIRST INTERROGATORIES**

Blue Cross/Blue Shield Association

Defendants


PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO Blue Cross/Blue Shield  (Nos. 1-8)


Pursuant to Rule 28-106.206, Florida Administrative Code and Rule 1.340, Florida Rules of Civil Procedure, the Plaintiffs' hereby propound the following interrogatories to Defendant BCBS ("Company"), to be answered on or before 30 days from the date of service, or at such other time and place as may be mutually agreed upon by counsel. Each interrogatory should be answered under oath by the most qualified and informed person to provide the most complete and accurate answer to each question, who is also included within the definition of BCBS.


DEFINITIONS


As used herein, the following words shall have the meanings indicated:


Willson v. BCBS; CASE#10015409CI-15 filed Oct 15, 2010; Plaintiffs' First Interrogatories   Page 1 of 9

(i)

"BCBS" shall mean the Company and its Affiliates, including but not limited to directors, employees, consultants, agents, representatives, attorneys (concerning nonprivileged matters, which privilege must be expressly identified and justified) and any other person or entity acting or purporting to act on behalf of the Company or its Affiliates.

(ii)

"You" or "Your" means BCBS as defined above.

(iii)

"Affiliate" means any entity that directly or indirectly through one or more intermediaries, controls, is controlled by or is under common control with BCBS, or shares a 5% or greater common ownership.

(iv)

"Identify" shall mean, with respect to any document or report; set forth the title, if any, describe the relevant page or pages and line or lines thereof (or annex a copy to the answer to these interrogatories, with appropriate designations of such page or pages and line or lines), and state the present location and custodian of the original and all copies of the documents, who prepared the document, and when it was prepared.

(v)

"Radiation" means any therapeutic treatment involving delivery of radiation to a patient's tissue. "IMRT" means any radiation where the radiation is controlled or shielded or otherwise directed, to "...better target the lesion with better sparing of normal tissue than with conventional radiation therapy, thereby limiting side-effects[1]" that is, to avoid or minimize radiation to noncancerous portions of a patient's body.

(vi)

"Plan" means Defendants' policy Group 003320650;  Identification Number ASHAN0093355; Plan Codes 834/332 and any other insurance BCBS provides to Plaintiffs.

INSTRUCTIONS

A.

Documents or reports to be identified shall include all documents in your possession, custody and control and all other documents of which you have knowledge.

B.

Each interrogatory is to be answered based upon the knowledge, information or belief of the Company, and any answer based upon information and belief is to state that it is given on such basis. If the complete answer to an interrogatory is not known, so state and answers as fully as possible the part of the interrogatory to which an answer is known. For each answer, or part thereof, please identify the individual or individuals who provided the information or helped in providing the information contained in the responses, specifying the individual's business address, telephone number and the individual's relationship to the Company, and please identify the witness who will be sponsoring the responses and will be able to answer cross-examination questions concerning the response.

C.

If the requested information is not applicable, that response should be reported as well as the reason. If the requested information is not available, that response should be reported as well as the reason.

D.

If an interrogatory contained herein asks for information that has already been provided, please so state, indicating the date provided and, if applicable, the interrogatory number, the request of production number or staff data request that requested the information.

E.

To the extent an interrogatory calls for information which cannot now be precisely and completely furnished, such information as can be furnished should be included in the answer, together with a statement that more information cannot be furnished, and a statement as to the reasons therefore. If you expect to obtain further information between the time answers are served and the time of hearing, you are requested to state this fact in each answer, and provide such further information as soon as it is available. If the information which cannot now be furnished is believed to be available to another person, identify such other person and the reasons for believing such person has the described information.

F.

In the event any interrogatory herein calls for information or for the identification of a document which you deem to be privileged, in whole or in part, the information should be given or the document identified to the fullest extent possible consistent with such claim of privilege and specify the grounds relied upon for the claim of privilege.

G.

If the respondent intends to seek clarification of any portion of the discovery request, the respondent shall request such clarification within 10 days of service

Willson v. BCBS; CASE#10015409CI-15 filed Oct 15, 2010; Plaintiffs' First Interrogatories   Page 4 of 9

of the discovery request. Further, any specific objection to a discovery request shall be made within 10 days of service of the discovery request.

H.

Separate answers shall be furnished for each interrogatory, although where the context permits, an interrogatory may be answered by reference to the answer furnished to another interrogatory.

INTERROGATORIES

1. Please state the names of all BCBS persons having knowledge of Plaintiffs' coverage and/or of the denial of coverage for Plaintiffs' IMRT. Provide their name, position, address, telephone and fax and email address if available. Include any such persons who are no longer in the employ of BCBS.

2. Please state the names of any Affiliates that provide, affect or influence coverage under the Plan or similar plans. For each Affiliate, provide the details of the relationship, organization addresses, dollar amount billed, estimated, or projected, and a description of each service or cost incurred by or to each Affiliate.

3. Please state the number, amount, U.S. State involved, and reasons upon which each claim for coverage of IMRT has been denied by BCBS or any of its Affiliates. State which of these claims were for IMRT treatment after breast cancer. State which of these involved patients having prior history of heart problems. Provide the total dollar amount of coverage so denied for each

of the past ten years. Identify which denials by BCBS were made even though Medicare or Medicaid paid its share of benefits for the treatment.

4. Please state the number, amount, U.S. State involved, and reasons upon which each claim for coverage has been denied by BCBS or any of its Affiliates alleging such treatment was "investigational", "investigative" or similar reason. State which of these were claims for IMRT or any treatment after breast cancer. State which of these involved patients having prior history of heart problems. Provide the total dollar amount of coverage so denied for each of the past ten years. Identify which denials by BCBS were made even though Medicare or Medicaid paid its share of benefits for the treatment.

5. Please provide citations or identification of any lawsuit brought in any jurisdiction involving coverage which was denied by BCBS or any of its Affiliates alleging such treatment was "investigational", "investigative" or similar reason. Provide the total amount of coverage so denied for each of the past ten years. Identify which denials by BCBS were made even though Medicare or Medicaid paid its share of benefits for the treatment.

6. Please provide copies of all documents which are in any way relevant to Plaintiffs' insurance by BCBS or to the Plan.

7. Please confirm that no BCBS physician examined Plaintiff Maria S. Willson at any time, or, in the alternative, indicate the time, place and BCBS physician who did examine her.

8. Please state why IMRT is " ...not medically necessary in patients with ...breast cancer...[1]" who additionally have a history of mitral valve prolapse and other heart condition, in order to spare heart tissue.

Richard C. Willson, Jr.

3205 Harvest Moon Ste 200

Palm Harbor FL 34683

727 781 0089

A Plaintiff pro se

[1] From Defendants' Anthem Blue Cross/Blue Shield Medical Policy RAD.00041H

AFFIDAVIT

STATE OF FLORIDA

COUNTY OF PINELLAS

BEFORE ME, the undersigned authority, personally appeared,who deposed and stated

that he/she provided the answers to interrogatories served on the Company by Plaintiffs on -

_____and that the responses are true and correct to the best of his/her information

and belief.

Sworn to and subscribed before me this _____day of _____-2010.

NOTARY PUBLIC

State of/ at Large _____

My Commission Expires:

Willson v. BCBS; CASE#10015409CI-15 filed Oct 15, 2010; Plaintiffs' First Interrogatories   Page 8 of 9

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

RICHARD C. WILLSON, JR. and MARIA S.
WILLSON a/k/a MARIA D. WILLSON,

      Plaintiffs,

vs.

BLUE CROSS/BLUE SHIELD; BLUE               Case No. 10-015409-CI-15
CROSS/BLUE SHIELD ASSOCIATION; and
ANTHEM BLUE CROSS AND BLUE
SHIELD,

      Defendants.

_____/

## NOTICE OF REMOVAL

    Defendant Anthem Health Plans of Kentucky, Inc. d/b/a Anthem Blue Cross and Blue Shield (improperly denominated in the Complaint as "Anthem Blue Cross and Blue Shield") ("Anthem"), through its undersigned counsel, hereby gives notice that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, it has removed this action to the United States District Court for the Middle District of Florida. A copy of Anthem's federal court Notice of Removal is attached hereto as **Exhibit A.**

_Christina Taylor_
_____
Christopher L. Griffin, FBN 273147
Christina Y. Taylor, FBN 0057616
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Telephone: 813.229.2300
Facsimile: 813.221.4210

Attorneys for Anthem

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the

following via U.S. Mail this 7th day of January, 2011:

Richard C. Willson Jr.
Maria S. Willson
3205 Harvest Moon, Ste 200
Palm Harbor, FL  34683-2127

_____
Attorney

2