UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD C. WILLSON, JR. and
MARIA S. WILLSON a/k/a
MARIA D. WILLSON,

    Plaintiffs,

v.                                     CASE NO: 8:11-cv-59-T-33EAJ

BLUE CROSS/BLUE SHIELD; BLUE
CROSS/BLUE SHIELD ASSOCIATION;
and ANTHEM BLUE CROSS AND BLUE
SHIELD,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant Anthem Health Plans of Kentucky, Inc., d/b/a Anthem Blue Cross and Blue Shield's Motion to Dismiss (Doc. # 3) and Plaintiffs' Motion to Amend the Amended Complaint as Necessary to Maintain Class Action Status and to Conduct Reasonable Discovery (Doc. # 11). Plaintiffs filed a Response to Defendant's Motion to Dismiss (Doc. # 4), Defendant filed a Reply thereto (Doc. # 7) and Plaintiffs filed a Surreply (Doc. # 14). Defendant filed a Response to Plaintiffs' Motion to Amend the Amended Complaint as Necessary to Maintain Class Action Status and to Conduct Reasonable Discovery (Doc. # 15). For the reasons discussed below, Defendant's Motion to Dismiss is granted, and

Plaintiffs' Motion to Amend the Amended Complaint as Necessary to Maintain Class Action Status and to Conduct Reasonable Discovery is denied.

I. **Background**

Plaintiff Maria Willson is a spousal beneficiary under a self-funded group health plan offered through her husband Richard Willson's employer, Ashland, Inc., and administered by Defendant Anthem Health Plans of Kentucky, Inc. Plaintiffs bring this action based upon a denial of coverage for a procedure known as Intensity Modulated Radiation Therapy ("IMRT") as post-operative therapy for breast cancer.

Plaintiffs, who are proceeding pro se, do not specifically identify any causes of action in their Amended Complaint. Instead, after setting forth their factual allegations, Plaintiffs demand (1) a declaratory judgment that Defendant's denial of coverage constitutes (a) bad faith under Florida Statutes § 624.155, and (b) breach of contract; (2) money damages of $30,000.00; (3) punitive damages based on the Defendant's alleged breach of Florida Statutes § 624.155; (4) a permanent injunction preventing Defendant from denying coverage for IMRT; and (5) a certification of a class "so that Defendants must reveal and remedy past denials of coverage for IMRT for other insured patients." (Doc. # 2 at 3-4).

Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(b) alleging that "the Complaint asserts a cause of action under the laws of the United States in that the plaintiffs' claims are preempted by the Employment Retirement Income Security Act of 1974 ("ERISA")[29 U.S.C. § 1001 et seq.]." (Doc. # 1 at 2). Accordingly, Defendant alleges a federal question as the basis of this Court's subject matter jurisdiction.[1] 28 U.S.C. § 1331.

Defendant now moves this Court to dismiss the Amended Complaint, arguing that all of Plaintiffs' state law claims are preempted by ERISA.

---

[1]The Court notes that Plaintiffs make an argument that the case should be remanded because the amount in controversy is below the amount necessary for diversity jurisdiction. (Doc. # 4 at 3). Amount in controversy is relevant only to diversity jurisdiction and is not at issue here. Accordingly, this argument fails to present a basis for remand. Likewise, Defendant raises a failure to plead a basis for long-arm jurisdiction as an alternative basis for dismissal that need not be addressed under the federal question subject matter jurisdiction present in the case at bar. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992)("Inasmuch as the federalism concerns which hover over the jurisdictional equation in a diversity case are absent in a federal question case, a federal court's power to assert personal jurisdiction is geographically expanded. In such circumstances, the Constitution requires only that the defendant have the requisite 'minimum contacts' with the United States, rather than with the particular forum state (as would be required in a diversity case).").

## II. Discussion

### A. Defendant's Motion to Dismiss

#### i. Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In all,

determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

### ii. Analysis

Congress specifically intended for ERISA to preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" and expressly provided that ERISA be the exclusive cause of action for the recovery of benefits under an ERISA plan. 29 U.S.C. § 1144(a); 29 U.S.C. § 1132(a).

It is well established that each of Plaintiffs' causes of action is preempted by ERISA. See, e.g., Reed v. The Prudential Ins. Co. of Am., 4 F. Supp. 2d 1148, 1151-53 (M.D. Fla. 1998)(breach of contract and declaratory claims for denial of coverage are preempted by ERISA); Swerhun v. Guardian Life Ins. Co. of Am., 979 F.2d 195, 199 (11th Cir. 1992)(bad faith claims under Florida Statutes § 624.155 are preempted by ERISA); Thomas v. Healthplan Servs., Inc., 74 F. Supp. 2d 1196, 1201 (M.D. Fla. 1999)(bad faith claims relating to employee benefit plans are preempted by ERISA). Accordingly, the motion to dismiss Plaintiffs' Amended

Complaint is granted.[2]

Plaintiffs, however, seek leave to amend the Amended Complaint to state a claim under ERISA. (Doc. # 4 at 9). Plaintiffs shall have 30 days to file such an amended complaint.

B. **Plaintiffs' Motion to Maintain Class Action Status and to Conduct Reasonable Discovery**

Plaintiffs move for a "determination under Federal Rule 23(c)(1) that they may proceed with reasonable discovery and that this action be maintained as a class action." (Doc. # 11 at 1). The Court construes this as a motion for class certification.[3]

Plaintiffs seek to "maintain a class action limited to insureds of any Defendant, who were injured by similar arbitrary denials of IMRT without examination." (Id. at 5). They also seek to "[p]roceed with reasonable discovery to

---

[2]Defendant also briefly raises the issue of insufficiency of service of process in its motion. (Doc. # 3 at 5). However, the facts and case law submitted in support of that portion of its motion are insufficient to support a ruling in Defendant's favor, and the motion is denied on that ground.

[3]Plaintiffs are required under Local Rule 4.04(b) to move within 90 days following the filing of the initial complaint for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action. Plaintiffs' motion was made 87 days after the removal of this action to this Court.

6

learn the above listed information which is essential to the administration of justice in this case e.g. which Blue Cross/ Blue Shield entities are properly to be named Defendants; and whether injunction is required for future protection of insureds."  (Id. at 6).

### i. Standard of Review

A district court has broad discretion in determining whether to certify a class. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992); Griffin v. Carlin, 755 F.2d 1516, 1531 (11th Cir. 1985). Federal Rule of Civil Procedure 23(a) lists the prerequisites to a class action as:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The party requesting class certification bears the burden of proving that each of these prerequisites has been met.  Gilchrist v. Bolger, 733 F.2d 1551, 1556 (11th Cir. 1984); see also Sandlin v. Shapiro & Fishman, 168 F.R.D. 662, 665 (M.D. Fla. 1996).

In addition to satisfying each prerequisite, the party must also prove that the proposed class properly falls into one of the subsections of Federal Rule of Civil Procedure 23(b). <u>Alabama v. Blue Bird Body Co.</u>, 573 F.2d 309, 315 (5th Cir. 1978)[4].

### ii. **Analysis**

Plaintiffs have failed to address or establish any of the prerequisites required for class certification under Rule 23(a) or (b). Because Plaintiffs fail to meet the requirements of Rule 23(a) and (b), Plaintiffs' motion for class certification is denied. In addition, to the extent Plaintiffs seek class action discovery, that too is denied in light of the denial of the motion for class certification. The Court notes that Plaintiffs' discovery requests relate to potential defendants as opposed to potential plaintiffs. Class action discovery is intended to gather information about potential members of the class, not potential defendants.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

---

[4]The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc).

(1) Defendant's Motion to Dismiss (Doc. # 3) is **GRANTED**.

(2) Plaintiffs shall have up to and including December 19, 2011, to amend the Amended Complaint to state a claim under ERISA.

(3) Plaintiffs' Motion to Amend the Amended Complaint as Necessary to Maintain Class Action Status (construed as a motion for class certification) and to Conduct Reasonable Discovery (Doc. # 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of November, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record